UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERALD HOWARD,                              )        Case No. 5:14CV2710
                                           )
                    Petitioner,            )        JUDGE DONALD C. NUGENT
                                           )
        v.                                 )        Magistrate Judge George J. Limbert
                                           )
MICHELE[1] MILLER, WARDEN,                 )
                                           )        REPORT AND RECOMMENDATION
                    Respondent.            )        OF MAGISTRATE JUDGE
                                           )

        On May 1, 2015, Gerald Howard ("Petitioner"), pro se, executed an amended petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. # 15.  Petitioner seeks relief from his in conviction entered by the Summit County, Ohio Court of Common Pleas for heroin trafficking.  On May 18, 2015, Respondent, Michele Miller ("Respondent"), Warden of the Belmont Correctional Institution in St. Clairsville, Ohio, where Petitioner is housed, filed an amended return of writ. ECF Dkt. #16.  On June 11, 2015, Petitioner filed a traverse, a motion for evidentiary hearing, and a motion for summary judgment.  ECF Dkt. #s 17, 18, 19.  On November 24, 2015, Respondent filed opposition briefs to Petitioner's motions (ECF Dkt. #s 21, 22) and on December 11, 2015, Petitioner filed a motion to strike Respondent's opposition briefs. ECF Dkt. #23.  On December 18, 2015, Petitioner filed a surreply with the Court's permission.  ECF Dkt. #25.

        For the following reasons, the undersigned DENIES Petitioner's motion to strike (ECF Dkt. #23), and recommends that the Court DISMISS Petitioner's federal habeas corpus petition with prejudice, DENY Petitioner's motion for summary judgment (ECF Dkt. #19), and DENY Petitioner's motion for an evidentiary hearing (ECF Dkt. #18):

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual History

        The Ninth District Court of Appeals of Ohio set forth the facts of this case on direct appeal.  These binding factual findings "shall be presumed to be correct," and Petitioner has "the

---

[1]  As indicated in Respondent's Amended Return of Writ, the correct spelling of Warden Miller's first name is Michele.  The docket shall be modified to reflect the spelling.

burden of rebutting the presumption of correctness by clear and convincing evidence."  28

U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denied*, 119

S.Ct. 2403 (1999).  As set forth by the Ohio Court of Appeals, the facts are:

> In November 2010, police were conducting a narcotics investigation into suspected drug trafficking between Cleveland and Akron using a confidential informant. Police listened to phone calls between two individuals, one of whom was determined to be Mr. Howard, during which Mr. Howard offered to sell 200 grams of heroin. Mr. Howard told the other individual to go to a T.G.I. Friday's. Based upon this information and prior investigation, police arrived at the T.G.I. Friday's and began surveillance, looking for a Volkswagen van registered to Mr. Howard that police believed would be used in the transaction. The van arrived; however, the sole occupant in the vehicle was a woman, Harriet Caynon. Ms. Caynon parked the van but did not exit the vehicle.
>
> She made a call, and immediately after she hung up, Mr. Howard placed a call stating, "[W]here are you at? * * * [Y]ou're inside and she's outside waiting for you." At that point, police approached the van and ultimately arrested Ms. Caynon with approximately 200 grams of heroin. A gun was found on Ms. Caynon's person. Mr. Howard was not present at the scene where Ms. Caynon was arrested.
>
> {¶ 3}  As a result, Mr. Howard was indicted in October 2011 for one count of trafficking in heroin in an amount equaling or exceeding 50 grams but less than 250 grams, in violation of R.C. 2925.03(A)(C)(6), a felony of the first degree. The matter proceeded to a jury trial at which the jury found Mr. Howard guilty of trafficking in heroin as specified in the indictment. Mr. Howard was sentenced to eight years in prison.
>
> * * * * *
>
> {¶ 12}  Detective Gilbride testified that the police investigation he was a part of discovered that a tan Volkswagon sedan registered to Mr. Howard suspected of being utilized to transport large quantities of heroin from the Cleveland area to the Akron area. On November 18, 2010, Detective Gilbride monitored several phone calls between two individuals, one of whom was determined to be Mr. Howard. Detective Gilbride took notes about the content of those calls and testified to a summary of those calls at trial. In the first call, Mr. Howard asked if the other person was "looking for a pair of twins [,]" which Detective Gilbride indicated meant 200 grams of heroin. Mr. Howard also stated that he had to go downtown to pay some delinquent taxes, that the "twins" should not be a problem, and that he would call the other person back shortly. The other individual called Mr. Howard back, and Mr. Howard indicated that the individual should wait until lunch time when the businesses open up. In addition, Mr. Howard made reference to "Friday's." Mr. Howard reiterated, in code, that the individual was looking to purchase 200 grams of heroin. Mr. Howard next phoned the individual at approximately 11:20 a.m. and asked if the person was ready and told the person to wait 20 minutes and then leave. At 12:25 p.m., a tan Volkswagen van arrived at T.G.I. Friday's where police were waiting and conducting surveillance. Ms. Caynon was the sole occupant of the vehicle. She parked near where Detective Brown was parked in an unmarked vehicle but remained in the vehicle and made a phone call. As soon as she

hung up, at approximately 12:29 p.m., Mr. Howard made a call to the person he had been in contact with inquiring about the person's whereabouts and stating "you're inside and she's outside waiting for you."

{ ¶ 13}  At this point, police approached the van and ultimately arrested Ms. Caynon. Approximately 200 grams of heroin was found in her purse. A cell phone was discovered in the van and a gun was found on Ms. Caynon's person. Detective Gilbride testified that the heroin appeared to be pure heroin that was not yet ready for individual use; it had to be ground down to a powder and then would typically be mixed with sleeping pills. He further indicated that he had never found that much heroin on someone who was not a dealer. Detective Gilbride testified that the street value of the heroin found on Ms. Caynon was $130,000 to $200,000. Examination of Ms. Caynon's cell phone revealed that there had been calls between her phone and the phone associated with Mr. Howard on the day of Ms. Caynon's arrest. One of those calls was placed at 12:27 p.m., minutes before Mr. Howard called the person he arranged the buy with stating "you're inside and she's outside waiting for you."

{ ¶ 14}  On November 19, 2010, the phone associated with Mr. Howard was called, and Mr. Howard answered and indicated that the person on the other end of the line cost Mr. Howard $70,000. Mr. Howard also asked who arrested "her." On November 22, 2010, Detective Gilbride called the number associated with Mr. Howard and did not get an answer. However, Detective Gilbride was called back and, upon answering, heard the same distinctive voice that he had heard when monitoring the prior phone calls. Detective Gilbride asked if he was speaking to Mr. Gerald Howard, and the person answered in the affirmative. Detective Gilbride told Mr. Howard that Detective Gilbride "was investigating the case involving [Mr. Howard's] fiancee, Ms. Caynon, and her arrest [for] 204 grams of heroin * * * ."  After hearing that, Mr. Howard hung up on Detective Gilbride.

ECF Dkt. #9-14 at 1-2, 6-7.

### B.  **Procedural History**

#### 1.  **State Trial Court**

In its September 2011 term, the Summit County Grand Jury issued an indictment charging Petitioner in a multi-defendant case with trafficking in heroin in violation of Ohio Revised Code ("ORC") § 2925.03(A)(C)(6), a first degree felony.  ECF Dkt. #9-3.

Although the motion and rulings related thereto are not contained in the record, the Summit County Common Pleas Court docket that is in the record shows that on May 18, 2012, Petitioner, through counsel, filed a motion to suppress evidence.  ECF Dkt. #s 9-2 at 2; # 9-5 at 8.  According to the appellate court journal entry, Petitioner argued, among other issues, that a firearm found on a co-defendant's person when that person was arrested was irrelevant to the charge against him for drug trafficking and should not have been admitted as evidence in his trial because he was not on the

scene when the co-defendant was arrested and his case was tried separately from that of the co-defendant. ECF Dkt. # 9-5 at 10-12; ECF Dkt. #9-14 at 3-4. The trial court denied the motion to suppress. ECF Dkt. #9-11 at 5.

On May 23, 2012, a jury trial commenced and on May 25, 2012, the jury found Petitioner guilty of trafficking in heroin as charged in the indictment. ECF Dkt. #9-4. On July 3, 2012, the trial court sentenced Petitioner to a mandatory term of eight years in prison with a mandatory term of five years of post-release control to follow. *Id.*

### 2.    Direct Appeal

On July 27, 2012, Petitioner, through the Appellate Review Office of the University of Akron School of Law, filed a notice of appeal of his conviction and sentence to the Ninth District Court of Appeals in Summit County, Ohio. ECF Dkt. #9-9. In his appellate brief, Petitioner, through counsel, asserted the following sole assignment of error:

> THE TRIAL COURT ERRED IN ADMITTING A FIREARM INTO EVIDENCE THAT WAS IRRELEVANT, UNFAIRLY PREJUDICIAL, AND CONFUSED OR MISLED THE JURY IN VIOLATION OF EVID. R. 401, EVID. R. 402, AND EVID. R. 403 (Trial Transcript, Volume II, p. 213).

ECF Dkt. #9-11 at 2. On July 17, 2013, the Ninth District Court of Appeals addressed Petitioner's sole assignment of error on the merits and affirmed the trial court's judgment. *Id.*

### 3.    Ohio Supreme Court

On August 19, 2013, Petitioner filed a pro se notice of appeal to the Supreme Court of Ohio. ECF Dkt. #9-16. In his memorandum in support of jurisdiction, Petitioner asserted the following proposition of law:

> THE TRIAL COURT ERRED IN ADMITTING A FIREARM INTO EVIDENCE THAT WAS IRRELEVANT, UNFAIRLY PREJUDICIAL AND WAS USED TO CONFUSE OR MISLEAD THE JURY IN VIOLATION OF OH. R. EVID. 401, 402, 403 (A); *Ohio Constitutional Rights* pursuant to Art. I, §§§§ 1, 10, 14, and 16; *United States Constitutional Amendment[s]* 4, 5, 14; *Ohio Revised Code[s]* §§§§ 2949.41, 42, 48, and 59.

ECF Dkt. #9-17. On December 4, 2013, the Supreme Court of Ohio declined to accept jurisdiction over Petitioner's appeal. ECF Dkt. #9-18.

### 4.    Rule 26(B) Application for Reopening in the Ohio Appellate Court

On March 19, 2014, Petitioner pro se filed an application for reopening pursuant to Rule 26(B) of the Ohio Rules of Appellate Practice in the Ninth District Court of Appeals.  ECF Dkt. #9-19.  Petitioner asserted that his appellate counsel was ineffective because he failed to assert the following assignments of error on direct appeal:

    1.    THE NINTH DISTRICT COURT OF APPEALS WAS WITHOUT JURISDICTION TO HEAR THE APPEAL AS THERE WAS NO FINAL APPEALABLE ORDER PURSUANT TO 2502.02 AND 32.(C) ISSUED ON THE CARRYING A CONCEALED WEAPON CHARGE.

    2.    THE TRIAL COURT FAILED TO CONSIDER WHETHER IT'S [sic] SENTENCE UTILIZED THE MINIMUM SANCTIONS NECESSARY TO ACCOMPLISH THE GOALS OF SENTENCING WITHOUT UNNECESSARILY BURDENING GOVERNMENTAL RESOURCES.

    3.    THE JURY CLEARLY LOST ITS WAY IN THAT THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

    4.    COUNSEL'S INEFFECTIVE ADVICE LED TO AN OFFER'S REJECTION, AND WHERE THE PREJUDICE ALLEGED HAD TO STAND TRIAL AND FACE CONVICTION.

    5.    THE ARRESTING OFFICERS ARRESTED MR. HOWARD FOR AN ALLEGED DRUG OFFENSE THAT TOOK PLACE OUTSIDE OF THE JURISDICTION OF THE AKRON, OHIO POLICE DEPARTMENT AND THEREFORE THE TRIAL COURT ACTED WITHOUT AUTHORITY TO CONVICT IN THIS CASE VIOLATING THE FOURTH AMENDMENT RIGHTS OF MR. HOWARD.

*Id.*

On July 8, 2014, the Ohio appellate court denied Petitioner's Rule 26(B) application as untimely filed without good cause to justify the late filing.  ECF Dkt. #9-20.

## II.    FEDERAL HABEAS CORPUS PETITION

On December 11, 2014, Petitioner pro se executed his § 2254 federal habeas corpus petition and on February 25, 2015, Respondent filed a return of writ.  ECF Dkt. #s 1, 9.  Petitioner thereafter filed a traverse.  ECF Dkt. #10.

On April 24, 2015, Petitioner pro se executed an amended federal habeas corpus petition after obtaining leave from this Court.  ECF Dkt. #11, 15.  The petition was filed in this Court on May 1, 2015.  ECF Dkt. #15.  Respondent filed an amended return of writ on May 18, 2015 and Petitioner filed a traverse on June 11, 2015.  ECF Dkt. #s 16, 17.

On June 11, 2015, Petitioner filed a motion for an evidentiary hearing and a motion for summary judgment. ECF Dkt. #s 18, 19. Respondent filed briefs in opposition to these motions on November 24, 2015. ECF Dkt. #s 21, 22. On December 11, 2015, Petitioner filed a motion to strike Respondent's opposition briefs. ECF Dkt. #23. On December 18, 2015, Petitioner filed a surreply with Court permission. ECF Dkt. #s 24, 25.

In his amended § 2254 federal habeas corpus petition, Petitioner presents the following grounds for relief:

> **Ground One:**
>
> THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION.
>
> **Ground Two:**
>
> THE PETITIONER WAS DENIED A FAIR TRIAL IN VIOLATION OF DUE PROCESS AS GUARANTEED BY THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHEN THE STATE INTRODUCED A FIREARM AS EVIDENCE THAT WAS IRRELEVANT TO THE INDICTMENT FOR DRUG TRAFFICKING.

ECF Dkt. #15.

### III.  PETITIONER'S MOTION FOR EVIDENTIARY HEARING (ECF DKT. #18), MOTION FOR SUMMARY JUDGMENT (ECF DKT. #19), AND MOTION TO STRIKE (ECF DKT. #23)

In his motion for an evidentiary hearing, Petitioner requests that the Court grant him an evidentiary hearing to inquire as to the extent of access that he is given to the law library and computers at the prison in order to determine whether he can show cause in which to excuse his procedural default of his first ground for relief. ECF Dkt. #18. The undersigned recommends that the Court DENY this motion for the reasons stated below in addressing Petitioner's § 2254 federal habeas corpus petition and Respondent's return of writ. *Id.*

In his motion for summary judgment, Petitioner requests pursuant to Rule 56 of the Federal Rules of Civil Procedure that the Court grant him summary judgment because Respondent fails to argue any genuine issues of material fact, fails to dispute whether there is just cause for his detention, fails to address favorable caselaw that he presented in support of his second ground for relief, and

-6-

fails to address the fact that the state appellate court "nearly admitted that the actions of the prosecutor were inappropriate" even though that court found the error in his case to be harmless. ECF Dkt. #19.

Petitioner has also filed a motion to strike Respondent's opposition briefs to his motion for a hearing and motion for summary judgment, asserting that Respondent has untimely filed her responses.  ECF Dkt. #23.

The undersigned agrees with Petitioner that Respondent has untimely filed her briefs in opposition to his motions for summary judgment and for an evidentiary hearing.  Petitioner filed both motions on June 11, 2015 and Respondent did not file opposition briefs to these motions until November 24, 2015.  ECF Dkt. #s 21, 22.  While Respondent did file a notice of substitution of counsel and reassignment of Petitioner's case to new counsel in the Ohio Attorney General's Office on September 10, 2015, Respondent did not file a motion for the extension of time within which to file responses to Petitioner's motions.  ECF Dkt. #20.

However, the undersigned recommends that the Court DENY Petitioner's request that the Court grant him what amounts to a default judgment on his motion for summary judgment. ECF Dkt. #25 at 2-3.  The undersigned notes that the Honorable Judge Pearson of this District adopted the undersigned's Report and Recommendation in *Allsup v. Sheldon* which recommended that the Court deny the petitioner's motion for default judgment for the respondent's failure to timely respond to the motion.  No. 3:11CV2210, 2013 WL 3200641, at *27 (N.D. Ohio June 24, 2013).  The undersigned found that the respondent's untimely response to the petitioner's motion for default judgment did not entitle the petitioner to default judgment because the respondent was not required to file any  response or document after the petitioner had filed his traverse.  *Id*.  The undersigned cited to Rule 5 of the Rules Governing § 2254 Cases and the Advisory Committee Notes accompanying that Rule and noted that even a traverse or a reply is not required by the Rules Governing § 2254 Cases.  *Id*.  In addition, courts have held that a default judgment..." is relief that is unavailable in habeas corpus proceedings." *Watkins v. United States*, No. 2:08-cv-1053, 2009 WL 2168790, at *1 (S.D. Ohio July 16, 2009), quoting *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970), superseded on other grounds by statute as stated in, *Cobb v. Perini*, 832 F.2d 342

(additional citations omitted). For these reasons, the undersigned recommends that the Court DENY Petitioner's motion for summary judgment based upon Respondent's failure to timely file responses to his motions.

As to Petitioner's motion to strike Respondent's briefs in opposition to his motion for an evidentiary hearing and his motion for summary judgment, the undersigned notes that summary judgment itself is disfavored in federal habeas corpus proceedings. *See Ruff v. Jackson*, No. 1:04–cv–014, 2005 WL 1652607, at *2 (S.D.Ohio June 29, 2005)(summary judgment is "tantamount to granting Petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings.") (quoting *Alder v. Burt*, 240 F.Supp.2d 651, 677 (E.D.Mich.2003) (internal citation omitted)). At a minimum, a petitioner seeking summary judgment must satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure. *Franklin v. Mansfield Corr. Inst.*, No. 3:04–cv–187, 2006 U.S. Dist. LEXIS 51521, at *2, 2006 WL 2128939 (S.D.Ohio July 27, 2006) (citing *Blackledge v. Allison*, 431 U.S. 63, 80–81, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), *Browder v. Director*, 434 U.S. 257, 266, n. 10, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)). Respondent argues that Petitioner's first ground for relief is procedurally defaulted and his second ground for relief is without merit. Thus, the undersigned will rule on Petitioner's motions in conjunction with addressing the grounds for relief that Petitioner asserts in his instant federal habeas corpus petition.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). Respondent concedes in this case that Petitioner has timely filed his § 2254 federal habeas corpus petition. ECF Dkt. #16 -12.

**B.** **Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

####    C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).   In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).  Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims.  *Coleman,* 501 U.S. at 729-30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and

-10-

decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313-14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

## V.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

-11-

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>     (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

> A.    Decisions of lower federal courts may not be considered.
>
> B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C.    The state court decision may be overturned only if:
>
>     1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*,

-13-

520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## VI.    ANALYSIS

### 1.    FIRST GROUND FOR RELIEF - PROCEDURAL DEFAULT

Respondent concedes that Petitioner's § 2254 federal habeas corpus petition is timely filed, but she asserts that Petitioner has procedurally defaulted his first ground for relief.  ECF Dkt. #16 at 19-21.  Petitioner alleges in his first ground for relief that trial counsel was ineffective because he improperly advised him to reject a plea agreement and failed to object to the admission of the firearm into evidence.  ECF Dkt. #15 at 3-5.  Respondent asserts that Petitioner never presented claims of ineffective trial counsel to the state courts and although he did present a claim in his Rule 26(B) application that his appellate counsel was ineffective in failing to raise the ineffectiveness of trial counsel issues on appeal, a Rule 26(B) addresses only the ineffectiveness of appellate counsel and Petitioner failed to appeal the denial of his Rule 26(B) to the Supreme Court of Ohio.  ECF Dkt. #16 at 19.  Respondent argues that procedural default therefore bars Petitioner's first ground for relief because he never presented trial counsel's ineffectiveness to the state courts and he cannot return to the Supreme Court of Ohio for a delayed appeal of the denial of his Rule 26(B) application because Section II(3) of Rule 7.01(A)(4)(c) of the Supreme Court of Ohio Rules of Practice bars delayed appeals of Rule 26(B) applications.  *Id.*

The undersigned recommends that the Court find that Petitioner has procedurally defaulted his first ground for relief.  As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion doctrine requires both that a claim be presented under the same theory to the state and federal courts and that a federal habeas petitioner give the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *O'Sullivan v.*

-14-

*Boerckel,* 526 U.S. 838, 844-848 (1999); *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004).

"If a claim was fairly or properly presented in state court, the federal court must ascertain if state remedies are still available by which state courts may consider the claim." *Liddy v. Gansheimer*, No. 1:08CV2122, 2010 WL 148132, at \*7 (N.D. Ohio Jan. 8, 2010), unpublished. If state remedies remain, the claim is deemed unexhausted and the state courts must be given an opportunity to consider the claim before the federal court can consider it. *Id.*, citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). If state remedies no longer remain and the petitioner is therefore precluded from returning to the state court to present the claim, exhaustion is not the issue, but the claim is deemed procedurally default or waived. *Liddy*, 2010 WL 148132, at \*7, citing *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

Here, Petitioner never presented a claim to the State courts concerning trial counsel's ineffectiveness in improperly advising him as to whether to take a plea offered by the State. On direct appeal to the Ohio appellate court, Petitioner, through counsel, asserted trial *court* error in the admission of the firearm into evidence. ECF Dkt. #9-11 at 7. He did not allege trial counsel error or ineffectiveness. On direct appeal to the Supreme Court of Ohio, Petitioner again asserted trial court error in admitting the firearm into evidence. ECF Dkt. #9-17 at 1-26. Petitioner's appellate counsel was different than his trial counsel and he therefore could have and should have raised his ineffective assistance of trial counsel claim either on direct appeal or in a post-conviction relief petition under Ohio Revised Code § 2953.21 if he were relying upon evidence outside the record for his claim. *See Moore v. Mitchell*, 2015 WL 93626, at \*3 (S.D. Ohio Jan. 7, 2015), citing *State v. Richmond*, 2012–Ohio–2511, No. 97616, 2012 WL 2047991, at \*1 (Ohio Ct.App.2012) (citing *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128, 1131 n. 1 (1985)). Accordingly, Petitioner's ineffective assistance of trial counsel claims are procedurally defaulted.

The first time that Petitioner did raise his ineffective assistance of trial counsel claim was in his Rule 26(B) application that the Ohio appellate court ruled was untimely filed without good cause. ECF Dkt. #9-19 at 9-11; ECF Dkt. #9-20. "Violation of the timeliness requirements of an application for reopening an appeal" "results in a claim being procedurally defaulted," and the state court's refusal to reopen the appeal on this basis "constitute[s an] adequate and independent state groun[d] to preclude hearing an untimely claim on the merits." *McClain v. Kelly*, No. 14-3312, ---Fed. Appx.---2015 WL 8593573, at \*6 (6th Cir. Dec. 14, 2015), quoting *Baker v.*

*Bradshaw*, 495 F. App'x 560, 565–66 (6th Cir.2012) (citing *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir.2002)).

Petitioner never appealed the denial of his Rule 26(B) application to the Supreme Court of Ohio and cannot now do so as Section II, Rule 7.01(A)(4)(c) precludes delayed appeals of Rule 26(B) applications.  Accordingly, unless Petitioner can establish cause to excuse his procedural default and resulting prejudice, the Court cannot review his ineffective assistance of trial counsel ground for relief.

As cause to excuse his procedural default, Petitioner asserts that his appellate counsel withdrew from his case and failed to inform him of his right to file a Rule 26(B) application and the time limits in which to file the application.  ECF Dkt. #17 at 1-4.  He also contends that he had difficulty accessing the prison's law library due to very limited hours and prisoner noncompliance with set schedules for using the library and its computers.  *Id*.  In fact, Petitioner moves the Court for an evidentiary hearing in order to establish the problems at the prison's law library before the Court rules on his motion for an evidentiary hearing.  *Id*.

The undersigned recommends that the Court find that Petitioner has not presented sufficient cause to excuse his procedural default.  The ineffective assistance of counsel can serve as "cause" to excuse a procedural default in some circumstances.  *Murray*, 477 U.S. at 492.  However, "a petitioner cannot claim constitutionally ineffective assistance of counsel" in proceedings where "[t]here is no constitutional right to an attorney," such as in "state post-conviction proceedings."  *Coleman*, 501 U.S. at 752.

In *Martinez v. Ryan*, the United States Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," provided that the relevant state law requires that "claims of ineffective assistance of trial counsel . . .be raised in [the] initial-review collateral proceeding."  132 S.Ct. 1309, 1315 (2012).  The Court emphasized in *Martinez* that its holding

> Does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings...and petitions for discretionary review in a State's appellate courts.  It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (citations omitted).  In *Gunner v. Welch*, the Sixth Circuit Court of Appeals held that an Ohio habeas petitioner could assert as cause his direct-appeal counsel's failure to advise him of the time limit for filing for post-conviction relief pursuant to Ohio Rev.Code § 2953.21. 749 F.3d 511, 515–516, 520 (6th Cir. 2014).  The proper methods for raising the ineffectiveness of trial counsel under Ohio law are either through direct appeal of ineffective assistance of trial counsel claims that do not involve evidence outside of the record or through a petition for post-conviction relief under Ohio Revised Code § 2953.21 for claims of the ineffectiveness of trial counsel based upon evidence outside of the record.  *Id.*  The *Gunner* Court held that appellate counsel's failure to inform the petitioner of information concerning filing a post-conviction relief petition under Ohio Revised Code § 2953.21 constituted sufficient cause to excuse petitioner's procedural default in federal habeas corpus.  *Id.*

Despite the fact that Petitioner in the instant case alleges trial counsel ineffectiveness concerning circumstances outside of the record regarding advice in rejecting a plea offer, he had the opportunity to argue ineffectiveness of trial counsel in a post-conviction relief petition.  But Petitioner chose to file a Rule 26(B) application arguing the ineffectiveness of *appellate* counsel in failing to raise the ineffective assistance of trial counsel and he asserts as cause to excuse his procedural default that appellate counsel withdrew from his case and did not inform him of his right to file a Rule 26(B) application or the time limits within which to file the application.

In *McClain*, the Sixth Circuit acknowledged parallels between Ohio Revised Code § 2953.21 and Rule 26(B), but held that it could not apply its rationale concerning cause to excuse a procedural default in *Gunner* to Rule 26(B) claims.  2015 WL 8593573, at *15.  The Sixth Circuit first noted that the Supreme Court's *Martinez* decision was expressly limited to ineffective assistance of trial counsel claims and the Sixth Circuit could not expand that Court's decision to the appellate counsel context.  *Id.*  The Sixth Circuit further found that it could not expand its decision in *Gunner* to the Rule 26(B) context because the Supreme Court warned that the AEDPA prohibits federal appellate courts from relying upon their own precedent in concluding that a constitutional principle is "clearly established."  *Id.*, quoting *Lopez v. Smith*, 135 S.Ct. 1, 2, 4 (2014) (per curiam) (quoting *Nevada v. Jackson*, 133 S.Ct. 1990, 1994 (2013) (per curiam)) and citing *Marshall v. Rodgers*, 133 S.Ct. 1446, 1450 (2013) (per curiam).  To the extent that McClain was asserting that the Sixth Circuit's decision in *Gunner* was independent of

-17-

*Martinez*, the Sixth Circuit held that applying *Gunner* to the Rule 26(B) context would conflict with its own binding precedent holding that a counsel's failure to inform a defendant of Rule 26(B)'s deadline does not constitute ineffective assistance of counsel because it "relates to an independent, collateral proceeding" where the defendant has no right to counsel and cases finding that "counsel's failures in connection with a Rule 26(B) application cannot serve as cause to excuse a procedural default because there is no right to counsel at that stage." *McClain*, 2015 WL 8593573, at *15, citing and quoting *Wilson v. Hurley*, 382 Fed. App'x 471, 2010 WL 2587942, at *7 (6th Cir. June 28, 2010)(rejecting federal habeas corpus petitioner's assertion of cause to excuse procedural default due to appellate counsel's failure to inform him of the time requirements for filing a Rule 26(B) application because such conduct "relates to an independent, collateral proceeding" as appellate counsel not  even in position to advise defendant of Rule 26(B) time requirement until after defendant appealed judgment of conviction to Ohio Supreme Court, which at that point a defendant no longer has constitutional right to effective assistance of counsel); *Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010)(poor advice from counsel concerning deadline for filing Rule 26(B) application cannot establish cause for default because Ohio law finds a Rule 26(B) proceeding is a separate collateral proceeding and not part of the original appeal and 28 U.S.C. § 2254(i) holds that ineffectiveness of counsel during federal or state collateral post-conviction proceedings is not a ground for relief in federal habeas); *Scuba v. Brigano*, 527 F.3d 479, 489 (6th Cir. 2007)(Rule 26(B) filings are collateral proceedings in which defendant has no Sixth Amendment right to the assistance of counsel).

Based upon the above, the undersigned recommends that the Court find that Petitioner has failed to establish the requisite cause in which to excuse his procedural default of his first ground for relief.

As to Petitioner's assertion that he lacked time and access to the prison's law library, the undersigned recommends that the Court find that these assertions are insufficient to establish cause to excuse his procedural default.  Petitioner contends that the law library is only open for 12 hours per week on average and he is able to access the library for only half of that time.  ECF Dkt. #15 at 7.  However, a limit placed on an inmate's time in the law prison's law library is insufficient to establish cause to excuse a procedural default.  *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)("The fact that Bonilla's time in the prison law library was limited to four

hours per week was insufficient to establish cause to excuse his procedural default.").  Since the undersigned recommends that the Court find that Petitioner's prison law library challenges are insufficient to establish cause, the undersigned DENIES AS MOOT Petitioner's motion for an evidentiary hearing which requests a hearing to establish the limitations of access to the prison's law library.  ECF Dkt. #18.

## 2.    SECOND GROUND FOR RELIEF

In his second ground for relief, Petitioner asserts that the Ninth District Court of Appeals unreasonably applied federal law and made a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  ECF Dkt. #15 at 5.  Petitioner contends that the Ohio appellate court should have ruled that the trial court erred in admitting as evidence in his case a firearm found on his co-defendant whose case was tried separately.  *Id*.  He argues that the gun had no relevancy to his drug trafficking charge and prejudiced him because it implied to the jury that he was completely involved in the drug deal.  *Id.*  He cites to the prosecutor's statement to the jury in his case that "drug dealers carry firearms" and complains that this created prejudice against him.  *Id.*  He also contends that the trial court erred in overruling his motion to suppress the firearm.  *Id.*

In finding that the trial court did not abuse its discretion in admitting the firearm, the Ohio appellate court cited to Rule 401 of the Ohio Rules of Evidence concerning relevant evidence and refused to adopt a rule implying that firearms are per se relevant and admissible in all cases with drug charges.  ECF Dkt. #9-14 at 4.  The Ohio appellate court further found that even if it assumed that the gun was relevant, the court found it difficult to find that its probative value was substantially outweighed by the danger of unfair prejudice as required by Rule 403(A) of the Ohio Rules of Evidence.  *Id.*  The court noted that while Petitioner's counsel did object to the admission of the firearm, he did not object to the testimony surrounding the firearm or indicate that he was objecting on the basis of Rules 401, 402 or 403 of the Ohio Rules of Evidence.  *Id.*  The court also cited to the unobjected testimony at Petitioner's trial which indicated from numerous witnesses that the firearm was found on the co-defendant's person and testimony indicating that Petitioner was not charged with a firearm offense.  *Id.* at 5.  The appellate court found that even if the firearm was relevant, there was unchallenged testimony that would not

have misled the jury in light of the questioning by Petitioner's trial counsel which established for the jury that the firearm was not found on Petitioner but on the co-defendant. *Id.*

The Ohio appellate court went on to hold that even if the firearm was irrelevant and inadmissible, its admission was harmless error. ECF Dkt. #9-14 at 5-6. The court cited to testimony establishing the police investigation which showed that the car driven by the co-defendant who had the firearm was registered to Petitioner and the car was suspected of being used to transport large quantities of heroin from Cleveland to Akron. *Id.* at 6. The appellate court cited to detective testimony indicating that the detective monitored several phone calls between Petitioner and another person which the detective testified in his experience were calls concerning the sale of heroin and an agreed-upon place to meet for the sale. *Id.* The detective further linked monitored telephone calls between Petitioner and the co-defendant who drove Petitioner's car to the place of sale at the time that Petitioner established with the buyer and showed that Petitioner had called the co-defendant when she was at the agreed-upon parking lot to sell the heroin, which occurred minutes before Petitioner called the buyer inside the restaurant located on that parking lot and told that person that "she" was waiting outside, inferring the co-defendant. *Id.* at 8. The appellate court cited to the relevant Ohio statute for drug trafficking and found that the admission of the firearm did not affect Petitioner's substantial rights concerning his conviction for drug trafficking. *Id.*

Petitioner's second ground for relief challenges the Ohio appellate court's decision upholding the trial court's admission of the firearm into evidence at his trial. However, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). *See also Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Generally, therefore, "alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir.2012). Evidentiary rulings made by state courts only "rise to the level of due process violations [if] they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir.2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996)).

The undersigned recommends that the Court find that the Ohio appellate court's determination was not contrary to or an unreasonable application of federal law or an unreasonable determination of the facts based upon the evidence presented. As found by the Ohio appellate court, the admission of the firearm at Petitioner's trial did not mislead the jury or prevent a fair trial as Petitioner was not charged with a firearm offense and repeated testimony at trial established that the firearm was not found on Petitioner and he was not even on the scene when the firearm was found on the person of his co-defendant. Moreover, as found by the Ohio appellate court, the result of the trial would not have changed had the firearm not been admitted since Petitioner was not charged with a firearm offense and the evidence at trial established the drug trafficking charge for which Petitioner was convicted.

Accordingly, the undersigned recommends that the Court find no merit to Petitioner's second ground for relief.

## VII.   CONCLUSION AND RECOMMENDATION

As explained above, the undersigned DENIES Petitioner's motion for an evidentiary hearing because limited access to the prison's law library is insufficient to establish cause to excuse his procedural default. ECF Dkt. #18.

In addition, for the reasons explained above, the undersigned recommends that the Court dismiss Petitioner's § 2254 federal habeas corpus petition with prejudice and consequently deny his motion for summary judgment (ECF Dkt. #19) and DENY as MOOT his motion to strike Respondent's briefs in opposition to his motion for evidentiary hearing and motion for summary judgment (ECF Dkt. #23).

Date: January 13, 2016                    */s/George J. Limbert*
                                          GEORGE J. LIMBERT
                                          UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).