# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GERALD HOWARD, | ) | CASE NO. 5:14CV2710 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELE MILLER, Warden, | ) | ORDER ADOPTING |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert.  The Report and Recommendation (ECF #26) is hereby ADOPTED.

Petitioner filed an Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on May 1, 2015, challenging the constitutionality of his conviction entered by the Summit County Court of Common Pleas for heroin trafficking. (ECF #15).  The Petition claimed two grounds for relief:

1. Denial of effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution; and

2. Denial of a fair trial in violation of due process under the Fourteenth Amendment of the U.S. Constitution when the State introduced a firearm as evidence at trial.

Respondent filed an Answer/Return of Writ on May 18, 2015 (ECF #16), and on June 11, 2015, the Petitioner filed a Traverse, a Motion for Evidentiary Hearing and a Motion for Summary Judgment. (ECF #17, 18, 19).  Petitioner later filed a Motion to Strike Respondent's Opposition Briefs on December 11, 2015. (ECF #23).

Magistrate Judge Limbert found that Petitioner's claims lacked merit and that the Petition, therefore, should be DENIED.  This Court adopts the Magistrate's recommendations for the reasons set forth below.

Ground One

The Magistrate correctly found that Ground One was procedurally defaulted, in that Petitioner failed to raise the argument of ineffective assistance of counsel until the filing of the Rule 26(B) application with the Court of Appeals.(See ECF #9-19)  Plaintiff never appealed the denial of the Rule 26(B) application to the Supreme Court of Ohio.  Magistrate Limbert found that Petitioner failed to present sufficient cause to excuse this procedural default, and therefore, recommends that this Court dismiss Ground One.  This Court agrees and adopts the Magistrate's recommendation as to Ground One of the Petition.

Petitioner filed a Motion for Evidentiary Hearing (ECF #18) arguing that his access to the law library at the Belmont Correctional Institution was limited, which should then excuse the procedural defect relating to Petitioner's first ground for relief.  The Magistrate pointed out that "a limit placed on an inmate's time in the prison's law library is insufficient to establish cause to excuse a procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).  This Court adopts the Magistrate's recommendation to deny as moot Petitioner's Motion for an Evidentiary Hearing.

-2-

Ground Two

Petitioner's second ground for relief challenges the Ohio Appellate Court's decision to uphold the trial court's admission of the firearm as evidence at his trial.  Magistrate Limbert agreed with the Appellate Court's determination that the admission of the firearm as evidence was not contrary to or an unreasonable application of federal law, nor was it unreasonable in light of the facts presented as evidence.[1]  Furthermore, the Magistrate held that "alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012).  Therefore, this Court adopts the Magistrate's recommendation and finds no merit as to Ground Two of the Petition.

Additional Motions

Finally, Petitioner filed a Motion for Summary Judgment, arguing that Respondent failed to argue any genuine issues of material fact in response to the Petition.  Petitioner also filed a Motion to Strike Respondent's briefs in opposition to Petitioner's motion for summary judgment and evidentiary hearing because they were untimely filed.[2]  Magistrate Limbert noted that summary judgment is disfavored in federal habeas corpus proceedings, as it would be "tantamount to granting Petitioner a default judgment which is relief that is unavailable" in such proceedings. *Ruff v. Jackson*, No. 1:04CV014, 2005 WL 1652607, at *2 (S.D.Ohio June 29, 2005)(citation omitted). This Court adopts Magistrate Limbert's recommendation and denies Petitioner's Motion for

---

[1]  Petitioner appealed this decision to the Ohio Supreme Court, but the Court declined to accept jurisdiction over the appeal. (ECF #9-18).

[2]  Magistrate Limbert noted that while Respondent's opposition briefs were untimely filed, Respondent was not required to file such briefs as per the Rules Governing §2254 Cases.

-3-

Summary Judgment.  This denial renders Petitioner's Motion to Strike the motion for summary judgment moot.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made.  *See* FED. R. CIV. P. 72(b).   The Court finds Magistrate Judge Limbert's  Report and Recommendation to be thorough, well-written, well-supported, and correct.   The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully and correctly addressed by the Magistrate's Report and Recommendation, and that Petitioners objections are unwarranted. This Court, therefore, adopts the Magistrate's Report in its entirety.

Further, for the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further.  To the extent that Petitioner's claims were rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong.  Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

Therefore, the Court adopts the Report and Recommendation of Magistrate Judge George J. Limbert (ECF #26) rules as follows:

-Petitioner's motion for habeas corpus (ECF #15) is hereby DENIED;

-Petitioner's Motion for Evidentiary Hearing (ECF #18) is DENIED as MOOT;

-Petitioner's Motion for Summary Judgment (ECF #19) is DENIED;

-4-

-Petitioner's Motion to Strike (ECF #23) is DENIED as MOOT.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 15, 2016